IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| **JOSE CASTILLO ONTIVEROS,** On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**JAFFER KHOWAJA**, An Individual, and **KHOWAJA MERE KHOWAJA, INC**. An Illinois Corporation, d/b/a Dunkin Donuts,<br><br>Defendants. | **Docket No.:** _____<br><br>**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND** |

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, JOSE CASTILLO ONTIVEROS, by and through his attorneys, JTB LAW GROUP, LLC, as and for his Complaint against Defendants JAFFER KHOWAJA and KHOWAJA MERE KHOWAJA, INC., alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This case arises out of the persistent and willful failure of Defendants JAFFER KHOWAJA and KHOWAJA MERE KHOWAJA, INC. to properly compensate Plaintiff JOSE CASTILLO ONTIVEROS and all other similarly situated employees of Defendants.

1

2. This is a collective/class action brought on behalf of Plaintiff, a former employee of Defendants, and similarly situated persons who are or were employed by Defendants, during the timeframes permissible under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and applicable administrative rules and regulations.

3. Defendants failed to pay Plaintiff overtime pay for all hours worked in excess of forty (40) each week, in violation of 29 U.S.C. § 207(a)2 and 820 ILCS 105/4a.

4. By reason of Defendants' persistent and willful violations of the FLSA and the IMWL, Plaintiff was illegally underpaid for his work.

5. Plaintiff brings this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees, as a result of Defendants' willful violation of the FLSA and IMWL.

6. Plaintiff also asserts FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendants who were and are also affected by Defendants' policy of failing to pay their employees overtime pay for hours worked in excess of forty (40) each week.

7. Plaintiff also asserts IMWL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendants who were and are also affected by Defendants' policy of not paying their employees overtime pay for hours worked in excess of forty (40) each week.

8. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

10. As to the claims under the IMWL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiff*

12. At all relevant times, Plaintiff JOSE CASTILLO ONTIVEROS was, and currently is, a resident of Cook County, State of Illinois.

13. Plaintiff was employed by Defendants from approximately December 2014 until March 17, 2015.

14. Plaintiff consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based on the allegations herein as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

15. Defendant KHOWAJA MERE KHOWAJA, INC. ("KMK Inc.") is a business corporation organized and existing under the laws of the State of Illinois, with an address for service of process at 2608 W. Peterson Ave. #201, Chicago, IL 60659.

16. Defendant KMK Inc. is a franchisee of Dunkin Donuts, and owns stores in several locations in the Chicago area, including the store at the Woodfield Mall, Shaumbug, IL 60173, where Plaintiff worked.

17. Defendant JAFFER KHOWAJA ("Khowaja") is the President of Defendant KMK Inc.

18. At all relevant times, Defendant Khowaja possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of Defendant KMK Inc.

19. At all relevant times, Defendant Khowaja had the authority to hire and fire employees of Defendant KMK Inc., including Plaintiff; determined the wages and compensation of Plaintiff and other employees of Defendant KMK Inc.; and established their schedules and maintained their records.

20. At all relevant times, Defendants individually and/or jointly have had annual gross revenues of more than $500,000.

21. Defendants have employees who handle, sell, or work on goods or materials, such as food and beverage products, that have moved in or been produced for commerce.

22. Defendants are employers as that term is defined under the FLSA and IMWL, and are engaged in interstate commerce as that phrase is defined under the FLSA.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*
*Or, In The Alternative, Constitute A Single Employer*

23. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

24. At all relevant times, Defendants were associated and joint employers, acted in the interest of each other with respect to employees, paid employees by the same methods, and shared control over the employees.

25. At all relevant times, Defendants jointly employed Plaintiff and all similarly situated individuals, and were their employers within the meaning of the FLSA and the IMWL.

26. In the alternative, Defendants constituted a single employer of Plaintiff and all similarly situated individuals.

27. During the time of Plaintiff's employment, Defendant KMK Inc.:

    a. determined Plaintiff's work schedule;

    b. determined Plaintiff's compensation;

    c. supervised Plaintiff; and

    d. maintained records pertaining to Plaintiff's employment.

28. During the time of Plaintiff's employment, Defendant Khowaja:

    a. determined Plaintiff's work schedule;

    b. determined Plaintiff's compensation;

    c. supervised Plaintiff; and

    d. maintained records pertaining to Plaintiff's employment.

*Plaintiff*

29. Plaintiff was employed by Defendants as a shift leader at the Dunkin Donuts store located at the Woodfield Mall, Shaumbug, IL 60173, from approximately December 2014 until March 17, 2015.

30. As a shift leader, Plaintiff opened and/or closed the store; counted the register; trained new workers on store policies and procedures and the use of store equipment; served customers; and occasionally took inventory.

31. While employed by Defendants, Plaintiff did not perform any job duties typical of exempt employees.

32. While employed by Defendants, Plaintiff performed only job duties typical of non-exempt employees.

33. Plaintiff regularly worked more than forty (40) hours per week. For example:
    a. during the week of Sunday December 28, 2014 – Saturday January 3, 2015, Plaintiff worked a total of sixty-one (61) hours; and
    b. during the week of Sunday January 4 – Saturday January 10, 2015, Plaintiff worked a total of fifty-three and one-half (53 ½) hours.

34. Plaintiff was paid nine dollars ($9) for each of the one-hundred fourteen and one-half (114 ½) hours he worked during this two-week period.

35. Defendants failed to pay Plaintiff overtime pay for the thirty-four and one-half (34 ½) hours worked in excess of forty (40) each week during this two-week period, as required under the FLSA and the IMWL.

36. Defendants failed to post an approved summary of the IMWL in a conspicuous and accessible place in or about their business premises, in violation of 820 ILCS 105/9.

37. Defendants knew or should have known of their obligation, under both the FLSA and the IMWL, to pay Plaintiff overtime pay for hours worked in excess of forty (40) each week.

38. Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith, or in conformity with or reliance on any written administrative regulation, order, ruling,

approval, or interpretation by the U.S. Department of Labor and/or the Illinois Department of Labor, or any administrative practice or enforcement policy of either such department.

39. Defendants' above-described violations of the FLSA and the IMWL were willful, arbitrary, unreasonable and in bad faith.

## **COLLECTIVE AND CLASS ALLEGATIONS**

40. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

41. At all relevant times, Defendants had a common policy of requiring or allowing Plaintiff and their other employees to work over forty (40) hours per week.

42. As a result of this policy, Plaintiff and Defendants' other employees regularly worked or work over forty (40) hours per week.

43. Plaintiff and these other employees were not and are not paid the overtime pay to which they were and are entitled for all hours worked in excess of forty (40) hours per week.

44. At all relevant times, Plaintiff and other employees of Defendants are and have been similarly situated, in that they are and have been victims of Defendants' common policies of refusing to pay overtime pay for all hours worked in excess of forty (40).

45. Plaintiff brings his FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 16(b), on behalf of himself and all employees of Defendants who were not paid overtime pay for all hours worked in excess of forty (40) each week.

46. The proposed FLSA Collective is defined as: **All employees of KMK INC. and/or JAFFER KHOWAJA at any time from three (3) years prior to the filing of this Complaint to the present.**

7

47. Plaintiff brings his IMWL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the IMWL, on behalf of himself and all other employees of Defendants who were not paid overtime pay for all hours worked in excess of forty (40) each week.

48. The proposed Rule 23 Class is defined as: **All employees of KMK INC. and/or JAFFER KHOWAJA at any time from three (3) years prior to the filing of this Complaint to the present.**

49. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that at least forty (40) class members have worked for Defendants during the applicable statutory period without receiving appropriate compensation, as required by the IMWL.

51. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely whether Defendants are liable for failure to pay Plaintiff and other members of the putative class overtime pay for all hours worked each week in excess of forty (40).

52. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members,

Plaintiff was damaged by Defendants' common policy of failing to pay overtime compensation.

53. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

54. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

   b. Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

55. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of

the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

56. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and IMWL claims of a type that have often been prosecuted on a classwide basis, and the class can easily be identified, and any monetary relief provided to them, through a review of Defendants' records.

**FIRST CLAIM FOR RELIEF**
**(FLSA INDIVIDUAL VIOLATION)**

57. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

58. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

59. At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

60. Plaintiff regularly worked over forty (40) hours per week.

61. Defendants failed to pay Plaintiff overtime pay for all hours worked each week in excess of forty (40).

62. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

63. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

64. As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (IMWL INDIVIDUAL VIOLATION)

65. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

66. At all relevant times, Defendants employed Plaintiff within the meaning of the IMWL.

67. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the IMWL.

68. Plaintiff regularly worked over forty (40) hours per week.

69. Defendants failed to pay Plaintiff overtime pay for all hours worked each week in excess of forty (40).

70. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

71. A three (3) year statute of limitation applies to each such violation pursuant to IMWL 820 ILCS 105/12.

72. As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, reasonable attorney's fees and costs, and damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to IMWL 820 ILCS 105/12.

## THIRD CLAIM FOR RELIEF
## (FLSA COLLECTIVE VIOLATION)

73. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

74. At all relevant times, Defendants employed Plaintiff and members of the putative collective within the meaning of the FLSA.

75. Plaintiff and members of the putative collective are non-exempt employees within the meaning of the FLSA.

76. Defendants regularly required or allowed Plaintiff and the members of the putative collective to work more than forty (40) hours in a week.

77. As a result, Plaintiff and the members of the putative collective regularly worked more than forty (40) hours in a week.

78. Defendants failed to pay Plaintiff and the members of the putative class overtime pay for all hours worked each week in excess of forty (40).

79. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

80. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

81. As a result of the foregoing, Plaintiff and members of the putative collective were illegally deprived of compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF
## (IMWL CLASS VIOLATION)

82. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

83. At all relevant times, Defendants employed Plaintiff and members of the putative class within the meaning of the IMWL.

84. Defendants regularly required or allowed Plaintiff and the members of the putative class to work more than forty (40) hours in a week.

85. As a result, Plaintiff and the members of the putative class regularly worked more than forty (40) hours in a week.

86. Defendants failed to pay Plaintiff and the members of the putative class overtime pay for all hours worked each week in excess of forty (40).

87. Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

88. A three (3) year statute of limitation applies to each such violation pursuant to IMWL 820 ILCS 105/12.

89. As a result of the foregoing, Plaintiff and the members of the putative class were illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, reasonable attorney's fees and costs, and damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to IMWL 820 ILCS 105/12.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the IMWL.

(C) An order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, Illinois statutes, and related laws and regulations.

(D) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and all members of the putative FLSA Collective and the putative Rule 23 Class.

(E) An order directing Defendants to supply to Plaintiff's counsel the names and last known home addresses of all members of the proposed FLSA Collective and the proposed Rule 23 Class, so that Plaintiff may send to them notice of this collective action and class action,

(F) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(G) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all members of the proposed FLSA Collective during the applicable statutory period.

(H) Judgment for damages for all unpaid overtime under the IMWL and related regulations.

(I)  Judgment for damages of two percent (2%) of the amount of any underpayments of overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to the IMWL and related regulations.

(J)  Judgment for any and all civil penalties to which Plaintiff and all members of the proposed FLSA Collective and the proposed Rule 23 Class may be entitled.

(K)  An Incentive Award for Plaintiff.

(L)  Leave to add additional Plaintiffs by motion, the filing of written consents, or any other method approved by the Court.

(M)  Equitable tolling effective to the date of the filing.

(N)  An order directing Defendants to pay Plaintiff and all members of the proposed FLSA Collective and the proposed Rule 23 Class prejudgment interest, reasonable attorney's fees and all costs connected with his action.

(O)  Such other and further relief as to this Court may deem necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: June 17, 2015  Respectfully submitted,
Jersey City, New Jersey

**JTB LAW GROUP, LLC**

*/s/ Jason T. Brown*
Jason T. Brown
*jtb@jtblawgroup.com*
Patrick S. Almonrode
*patalmonrode@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff*